[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15414
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00390-WTH-PRL


ENRIQUE ACOSTA,

                                        Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

                                        Respondent - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 28, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

In 1993, Enrique Acosta was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846; possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a); use of a firearm silencer or muffler in relation to drug trafficking, in violation of 18 U.S.C. § 924(c)(1);[1] and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), as well as two other firearms charges that are immaterial to this appeal.  Based on then-existing law, Acosta had three prior convictions that made him an Armed Career Criminal under 18 U.S.C. § 924(e) and subject to a mandatory minimum sentence of 15 years' (or 180 months') imprisonment.  Thus, he was sentenced to 262 months' imprisonment for his § 922(g) conviction. Acosta also was sentenced to 240 months' imprisonment for each of the cocaine convictions, to be served concurrently with his § 922(g) sentence, and to 360 months' imprisonment on the § 924(c)(1) conviction, to be served consecutively with his other sentences as required by the statute.

In 2002, Acosta filed an unsuccessful motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  In 2011, Acosta filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that intervening case law established that (1) a jury was required to find beyond a reasonable doubt that his firearm was equipped with a silencer or muffler—which Acosta alleges did not

---

[1] Unless otherwise noted, references to 18 U.S.C. § 924 refer to the version effective at the time of Acosta's sentencing in 1993.

2

happen—before he could be sentenced pursuant to § 924(c)(1); (2) his prior state drug convictions were invalid as the underlying state statute was unconstitutional; and (3) his prior convictions could not serve as bases for the § 924(e) sentence enhancement. The district court dismissed Acosta's petition for lack of jurisdiction. Acosta now appeals the district court's dismissal with regard to his claim that intervening case law required the jury to find that his firearm was equipped with a silencer or muffler before it could sentence him pursuant to § 924(c)(1).[2]

Under 28 U.S.C. § 2255's "saving clause," an inmate may only file a petition for a writ of habeas corpus under § 2241 where a motion for relief pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). We recently held, sitting en banc, that "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, No. 12-14989, 2017 WL 977029, at *1 (11th Cir. Mar. 14, 2017) (quoting 28 U.S.C. § 2255(e)). "Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for

---

[2] On appeal, Acosta acknowledges that the appropriate vehicle through which to assert his claim that he erroneously was sentenced as an Armed Career Criminal under § 924(e) is a second or successive § 2255 petition. We previously granted Acosta leave to file such a petition. *See In re Acosta*, No. 16-13052 (June 22, 2016). We note that his petition remains pending in district court.

3

a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *Id*. at *17.

Consequently, Acosta was required to challenge to his § 924(c)(1) sentence in his initial § 2255 motion, notwithstanding the state of the law at the time. The saving clause does not enable him to now raise that issue as part of a § 2241 petition. We therefore affirm the district court's dismissal of Acosta's petition for lack of jurisdiction.

**AFFIRMED.**